UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES                                        1:15-cr-10041-IT

VS

JONATHAN WHITE

**<u>DEFENDANT'S MOTION FOR RELEASE 18 U.S.C. SECTION 3582 (c)(1)(A)(i)</u>**

The undersigned, counsel for the Defendant, Jonathan White, pursuant to the Fifth and Eighth Amendments to the United States Constitution and Title 18 U.S.C. section 3582 (c)(1)(A)(i) hereby moves this Court as follows:

A. For compassionate release under the First Step Act, 18 U.S.C. section 3582 (c)(1)(A) where Mr. White's sentence would be reduced to time served, and he would be released and commence his term of supervised release. As a condition of supervised release, this Honorable Court could order Home Confinement for a period of time not to exceed Mr. White's current release date.

**<u>Background</u>**

On May 17, 2016, this Honorable Court sentenced Jonothan White, for the crime of sex trafficking of a child, to a term of imprisonment for 120 months, and ordered a term of supervised release for a period of 5 years, with special conditions of substance abuse counseling, sex offender registration, and no contact with the victim. Mr. White has now served over 50% of his sentence. He has a current release date of February 3, 2024. During his incarceration, Mr. White has completed many programs (see attached

1

Exhibit A) and has not received any disciplinary infractions. Mr. White is currently in the Danbury Federal Correctional Institution.

## COMPASSIONATE RELEASE

The First Step Act allows prisoners to move for compassionate release from prison when "extraordinary and compelling reasons" warrant such release. 18 U.S.C. section 3582(c)(1)(A)(i). There are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. §3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant" release. Section 3582 (c)(1)(A)(i). Third, the court must consider the factors set forth in §3553(a). §3582(c)(1)(A). Fourth, the court must find that the release is consistent with the Sentencing Commission's policy statements. Section 3582 (c)(1)(A)(i).

1. **EXHAUSTION**

Attached as Exhibit B is the Warden's Response to Inmate Request to Staff Member denying Mr. White's request for compassionate release.

2. **EXTRAORDINARY AND COMPELLING REASONS**

The Defendant contends that Mr. White qualifies for compassionate release because his medical conditions in combination with the COVID-19 pandemic outbreak at the Danbury FCI, constitute an extraordinary and compelling reason for his release under 18 U.S.C. section 3582(c)(1)(A)(i). The United States Centers for Disease Control and Prevention "CDC" has advised that individuals of any age that have serious underlying medical conditions might be at a higher risk for severe illness from COVID-19. The list

of the "underlying medical conditions" includes people with obesity, (body mass index [BMI] of 30 or higher (See attached Exhibit C). Mr. White also suffers from sleep apnea, a potential serious complicating factor should he contract the COVID-19 virus.

**Obesity**

Bureau of Prison records show that Mr. White is 5'10" inches tall and has been weighed at 246.2-250 lbs. Although he has not been weighed in months, Mr. White believes his current weight is 260 lbs. This results in a BMI of either 35.3 or 37.3 (See calculator results and pertinent medical records attached as Exhibit D).

Doctors at NYU Langone Health center conducted the largest study so far of United States hospital admissions for COVID-19, focused on New York City. That study, from April 12, 2020 found that "obesity of patients was the single biggest factor, after age, in whether those with COVID-19 had to be admitted to a hospital." In this study, an obese person was an individual with a body mass index [BMI] of 30 and higher. (Emphasis added) (See Exhibit E attached). *See, e.g.,* Norbert Stefan et al., *Obesity and impaired metabolic health in patients with COVID-19,* Nature Revs. Endocrinol. (Apr. 23, 2020), https://nature.com/articles/s41574-020-0364-6 (last visited May 8, 2020) (hypothesizing based on preliminary data that "a high BMI might be an important risk factor for a severe course of disease"). Researchers in France have concluded that the severity of COVID-19 illness increases with body mass index and warned that "[p]atients with obesity and especially those with severe obesity should take extra measures to avoid COVID-19 contamination by enforcing prevention during the current pandemic." Arthur Simmonet et al., *High prevalence of obesity in severe acute respiratory syndrome*

*coronavirus-2 (SARS-CoV-2) requiring invasive mechanical ventilation,* Obesity (Apr. 9, 2020), https://doi.org/10.1002/oby.22831 (last visited May 8, 2020). In New York City, researchers have reached similar conclusions. PEtrilli et al., *Factors associated with hospitalization and critical illness among 4,103 patients with COVID-19 disease in New York City,* medRxiv (Apr. 11, 2020), https://www.medrxiv.org/content/10.1101/2020.04.08.20057794v1.full.pdf+html (last visited May 8, 2020) ("[T]he chronic condition with the strongest association with critical illness was obesity, with a substantially higher odds ratio than any cardiovascular or pulmonary disease.").

### Sleep Apnea

Mr. White is currently being treated at Danbury for Obstructive Sleep Apnea (See attached medical records Exhibit D). If he were to contract COVID-19 it would appear that his compromised ability to breathe while sleeping would work against a fight against the virus.

In sum, based upon Mr. White's medical conditions he is at high risk for becoming severely ill if he were to contract the COVID-19 virus.

### 18 U.S.C. section 3553(a) factors

The 120 month sentence imposed on Mr. White took into account all of the factors in 18 U.S.C. § 3553(a) (See copy sentencing transcript attached Exhibit F). Attached is a letter Mr.White has composed to the Honorable Court outlining his rehabilitation, the many programs and classes he has completed, and his commitment to resume life as a law abiding citizen (See attached Exhibit G).

**Sentencing Commission's policy statements**

Mr. White defers to the Court as to the Sentencing Commission's policy statements in the context of the current public health crisis.

**RE-ENTRY PLAN**

The Defendant Jonathan White has a strong re-entry plan in place. He would reside at home with his mother as he did successfully while out on bond for seventeen months while wearing an ankle bracelet. There were no problems and no violations of his conditions of release. The Defendant's mother's address is: Sharon White, 101 Bellevue St., Dorchester, MA, 02125. Ms. White has the same landline phone at her residence as she did before, 617 265-8245. Her cell phone number is: 617 913-8970.

**CONCLUSION**

FCI Danbury has been at the center of the COVID-19 pandemic as it affects Federal Correctional Institutions (See articles attached, Exhibit H). For all of the above reasons, the Defendant Jonathan White respectfully requests this Honorable Court allow his Motion for Compassionate Release.

Respectfully submitted,

s/ James E. McCall, Esq.
James E. McCall, Esq.
107 Union Wharf
 Boston, MA 02109
Phone: (617) 720-2900
mccall_attorney@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/James E. McCall<br>James E. McCall

Dated: July 10, 2020